# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **POWER SERVICES, INC.**<br>5800 Woodcliff Road<br>Bowie, Maryland 20720<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**LIBERTY MUTUAL INSURANCE COMPANY**<br>175 Berkeley Street<br>Boston, MA 02117<br><br>**Serve:**<br>    **CT Corporation System**<br>    **1015 15th Street, NW**<br>    **Suite 1000**<br>    **Washington, D.C. 20005**<br><br>    **Defendant.** | **Case No.** _____<br>**JUDGE:** |

## COMPLAINT

Plaintiff Power Services, Inc., by counsel, files this Complaint against Liberty Mutual Insurance Company and, as grounds therefore, states as follows:

### Parties and Jurisdiction

1.    Plaintiff Power Services, Inc. ("PSI") is a Maryland corporation with its principal place of business in Upper Marlboro, Maryland. PSI is engaged in the business of performing electrical work on construction projects.

2.    Upon information and belief, Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation with its principal place of business

in Boston, Massachusetts. Liberty is the surety on the labor and material payment bond that is the subject of this action.

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

**General Allegations**

5.    On or about January 31, 2003, Sigal Construction Corporation ("Sigal"), as the general contractor, and Bowen Building, LP (the "Owner") entered into a contract (the "Contract") to perform major reconstruction and renovation of the high rise structure generally known as the Bowen Building located at 875 15th Street N.W., Washington, DC (hereinafter, the "Project").

6.    On or about January 10, 2004, PSI and Sigal entered into a subcontract for PSI to perform electrical work related to the Project (hereinafter, the "Subcontract"). (Ex. A.) PSI's price for the base contract scope of work was $1,800,000.00. (Id.)

7.    PSI began work on the Project in 2004. PSI properly performed its work in accordance with the Subcontract and completed its work in compliance with its contractual obligations.

8.    Pursuant to the Subcontract, Sigal is obligated to pay PSI for all of the work it performed related to the Subcontract, including the additional costs resulting from delays and disruptions caused by circumstances beyond PSI's control and that are attributable to acts and/or omissions of Sigal and its subcontractors, or those for whom Sigal is responsible.

9.    During the course of work under the Subcontract, PSI's work was delayed and disrupted due to circumstances beyond its control, including without limitation, the

acts and/or omissions of Sigal and its subcontractors.  The causes of the delays and disruptions included, but were not limited to, late removal of façade support steel, late building dry-in, delays to electrical work by preceding trades, delays in the fire alarm system and improper supplementation of PSI's work without notice.

10.    With regard to the delays and disruptions, PSI timely submitted a Request for Equitable Adjustment to Sigal totaling $736,827.00.  Sigal has refused to compensate PSI for any of the amount claimed.

11.    Sigal has also improperly refused to pay PSI for work related to the base Subcontract and approved change orders totaling $301,691.00.  Sigal has further improperly refused to pay PSI for work related to other pending/unapproved change orders totaling $285,112.00.

## COUNT I
### Breach of Bond

12.    PSI hereby incorporates the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13.    Liberty issued Payment Bond No. 1701010096 in the amount of $28,564,332.00 (hereinafter, the "Bond") on behalf of Sigal for the Project.  (Ex. B.)

14.    PSI made written demand on Sigal and Liberty for payment, and provided the Owner notice thereof.  (Ex. C.)

15.    Liberty has improperly refused to pay PSI the amounts due for the work it performed on this Project despite written demand.

16.    Pursuant to the Bond, Liberty is liable to pay PSI, exclusive of interest and costs, $1,323,630.00 for the labor and materials PSI provided for the Project.

17.    Liberty's refusal to pay PSI is a material and unexcused breach of the Bond.

18.    As a direct and foreseeable result of its material and unexcused breach of the Bond, Liberty is liable to PSI in the amount of $1,323,630.00, exclusive of interest and costs.

19.    PSI has complied with all conditions precedent, if any, to bringing this action. Alternatively, such conditions, if any, have been waived.

WHEREFORE, Plaintiff Power Services, Inc. demands judgment against Defendant Liberty Mutual Insurance Company in the amount of $1,323,630.00, plus interest, its costs incurred herein, including reasonable attorneys' fees per contract, and such other and further relief, as this Honorable Court may deem appropriate.

## RULE 38 DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Power Services, Inc. demands that this action be tried by a jury.

Date: April 10, 2006                        Respectfully submitted,

                                                    QUAGLIANO & SEEGER, P.C.


                                        BY: _____
                                              Scott C. Hofer, #MD27198
                                              21355 Ridegtop Circle, Suite 110
                                              Dulles, VA  20166
                                              (571) 434-7590
                                              (571) 434-9006

                                              Counsel for Plaintiff
                                              Power Services, Inc.