# Willis

Bond No. 17010095

Document A312

# Payment Bond

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**CONTRACTOR (Name and Address):**
SIGAL Construction Corporation
3299 K Street N.W.
Washington, DC 20007

**SURETY (Name and Principal Place of Business):**
Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02117

**OWNER (Name and Address):**
Bowen Building L.P. a Del. L.P.
c/o The Kaempfer Co.
1501 K Street NW, Suite 300
Washington, DC 20005

**CONSTRUCTION CONTRACT**
Date:
Amount:      $28,564,332.00
Description (Name and Location): New Offices, Bowen Building.
875 15th Street NW, Washington, DC 20005

**BOND**
Date (Not earlier than Construction Contract Date): February 12, 2003
Amount: $28,564,332.00
Modifications to this Bond:                    [X] None                    [ ] See Page 6

**CONTRACTOR AS PRINCIPAL**
Company:                    (Corporate Seal)
SIGAL Construction Corporation

Signature:
Name and Title: Richard S. Goldberg
Senior Vice President
Chief Financial Officer
(Any additional signatures appear on page 6)

**SURETY**
Company:                    (Corporate Seal)
Liberty Mutual Insurance Company

Signature:
Name and Title:
Angela J. Lawrence / Attorney-in-Fact

*(FOR INFORMATION ONLY-Name, Address and Telephone)*
AGENT or BROKER:
Willis of Maryland, Inc.
10 North Park Drive
Suite 400
Hunt Valley, MD  21030

(301) 530-5050

**OWNER'S REPRESENTATIVE (Architect, Engineer or other party):**

EXHIBIT
B

Printed in cooperation with The American Institute of Architects (AIA) by Willis. Willis vouches that the language in the document conforms exactly to the language used in AIA Document A312, December 1984 Edition. Third Printing March 1987. Performance and Payment Bond
WC1853B

1. The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference.

2. With respect to the Owner, this obligation shall be null and void if the Contractor:

2.1 Promptly makes payment, directly or indirectly, for all sums due Claimants, and

2.2 Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, and provided there is no Owner Default.

3. With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly or indirectly, for all sums due.

4. The Surety shall have no obligation to Claimants under this Bond until:

4.1 Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

4.2 Claimants who do not have a direct contract with the Contractor:

.1 Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

.2 Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3 Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

5. If a notice required by Paragraph 4 is given by the Owner to the Contractor or to the Surety, that is sufficient compliance.

6. When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

6.1 Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

6.2 Pay or arrange for payment of any undisputed amounts.

7. The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

8. Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

9. The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have obligations to Claimants under this Bond.

10. The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

11. No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

12. Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page. Actual receipt of notice by Surety, the Owner or the Contractor, however accomplished, shall be sufficient compliance as of the date received at the address shown on the signature page.

13. When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this

Printed in cooperation with The American Institute of Architects (AIA) by Willis. Willis vouches that the language in the document conforms exactly to the language used in AIA Document A312, December 1984 Edition. Third Printing March 1987 Performance and Payment Bond WC1853C

Bond shall be construed as a statutory bond and not as a common law bond.

**14** Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

## 15 DEFINITIONS

**15.1** Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract,

architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

**15.2** Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

**15.3** Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

**MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:**

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

| CONTRACTOR AS PRINCIPAL | | SURETY | |
|---|---|---|---|
| Company: | (Corporate Seal) | Company: | (Corporate Seal) |

| Signature: | | Signature: | |
|---|---|---|---|
| Name and Title: | | Name and Title: | |
| Address: | | Address: | |

Printed in cooperation with The American Institute of Architects (AIA) by Willis. Willis vouches that the language in the document conforms exactly to the language used in AIA Document A312, December 1984 Edition. Third Printing March 1987 Performance and Payment Bond WC1853D

DUAL OBLIGEE RIDER

To be attached to and form a part of contract bond number ___17010096___ ___ issued by the ___

___Liberty Mutual Insurance Company___

on behalf of ___SIGAL Construction Corporation___

in the amount of ___Twenty-Eight Million Five-Hundred Sixty-Four Thousand Three-Hundred Thirty-Two___

___and no/100 - - - - -___ ___ Dollars ($ ___$28,564,332.00 - - -___

and dated ___February 12, 2003___ ___ in favor of ___

Bowen Building L.P. a Del. L.P.
c/o The Kaempfer Co.

in consideration of the sum of One Dollar ($1.00), and other good and valuable consideration receipt of which is he acknowledged, the Undersigned hereby agree as follows:

1. The ___Landesbank Hessen-Thuringen Girozentrale___

___

is hereby added to said bond as an additional obligee.

2. The Surety shall not be liable under this bond to the Obligee, or either of them unless the said Obligees, or either of them, s make payments to the Principal strictly in accordance with the terms of the said contract as to payments, and shall perform other obligations to be performed under said contract at the time and in the manner therein set forth.

3. No suit, action or proceeding by reason of any default whatever shall be brought on this bond after two (2) years from the on which the final payment under said construction contract falls due.

4. Aggregate liability of Surety hereunder to Obligees is limited to the penal sum above stated and Surety, upon making payn hereunder, shall be subrogated to, and shall be entitled to an assignment of all rights of the payee with respect to the partic obligation discharged by the payment, either against principal or against any other party liable to the payee on the dischar obligation.

Signed, Sealed and Dated this ___12___ day of ___February___ ___2003___

Bowen Building L.P. a Del. L.P.
c/o The Kaempfer Co.

By_____

Landesbank Hessen-Thuringen Girozentrale

By_____

SIGAL Construction Corporation
Richard S. Goldberg
Senior Vice President/Chief Financial Offic

By_____

Liberty Mutual Insurance Company

By_____
Angela J. Lawrence /Attorney-In-Fact

WC-2533/EP 12/90

PRINTED IN U.S